UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| B. LANE HASLER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:15-CV-273-TLS |
| RONALD STRAUCH, and DOES 1–10, | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

The Plaintiff, B. Lane Hasler, is proceeding pro se against Defendants Ronald Strauch and Does 1–10. According to the Complaint for Damages, this "case concerns the impermissible cutting by persons acting at the direction and under the employment of Ronald Strauch of a historic tree on property owned by B. Lane Hasler." (Compl. ¶ 1, ECF No. 1.) The Plaintiff asserts that federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. The Defendant, Ronald Strauch, has filed a Motion to Dismiss Portions of Counts II, IV, and V Seeking Attorney Fees and Treble Damages Pursuant to Rule 12[(b)](6) [ECF No. 7]. The Plaintiff has not responded to the Motion to Dismiss.

According to the Complaint, Strauch operates a tree maintenance service under the name Ron's Tree Service. Strauch met with Grant Amor, who assists the Plaintiff with maintenance on property that the Plaintiff owns in LaPorte, Indiana. Amor met with the Defendant to discuss trimming trees that were located on the property. They agreed that tree trimming services would be performed on Saturday, October 11, 2014, with Amor present. Instead, employees of the Defendant arrived at the property on Friday, October 10, without advance notice and when Amor was not present. They cut down a tree that had been identified as potentially needing trimming.

The tree was one of three seventy-five year old tulip trees framing the entrance to the property. Amor discovered that the tree had been cut down when he arrived at the property on Saturday in advance of the scheduled appointment time.

The Plaintiff alleges that he later discovered that the Defendant had misrepresented the amount of general liability insurance he carried, that the Defendant had no formal forestry or tree maintenance training, and that Ron's Tree Service was not a legal entity, but was the assumed business name for the Defendant.

The Complaint sets forth five causes of action: Count I—Breach of Contract; Count II—Trespass; Count III—Negligence; Count IV—Indiana Home Improvement Contract Act Ind. Code §§ 24-5-11-1, et seq., and; Count V—Indiana Deceptive Consumer Sales Act Ind. Code §§ 24-5-0.05 et seq. Each count includes a prayer for relief.

The Defendant's Motion to Dismiss is directed at portions of the prayers for relief included in Counts II, IV, and V. Specifically, for Count II, the Defendant asserts that the Plaintiff may not recover treble damages or attorney's fees. Additionally, the Defendant argues that attorney's fees are not recoverable in the other instances where they are requested in the Complaint because the Plaintiff is an attorney proceeding pro se on his own behalf.

Even if the Defendant is correct that the Plaintiff is not entitled to treble damages or attorney's fees, this would not be a basis for granting a Rule 12(b)(6) motion. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (holding that dismissal of suit not justified even where the plaintiff was seeking relief to which he was not entitled). Rule 8 requires a pleading to contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand

for relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). However, the demand for relief "is not itself part of the plaintiff's claim." *Bontkowski*, 305 F.3d at 762. This principle is reinforced by Rule 54(c), which permits a party to obtain a final judgment to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Additionally, Rule 54(d)(2) provides that a claim for attorney's fees must be made by motion unless the substantive law requires that they be proven as an element of damages. Accordingly, "failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)" for failure to state a claim. *Bontkowski*, 305 F.3d at 762. Likewise, inclusion of relief that is not available does not require dismissal as long as other forms of relief are available, and the federal pleading standards are otherwise met. *Id.*; *see also Dingxi Longhai Dairy, Ltd. v. Bechwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011) ("[T]he selection of an improper remedy in the . . . demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type.") (quoting 5 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure: Civil § 1255, at 508–09 (3d ed. 1993)).

Thus, even assuming that the Defendant is correct that the Plaintiff is not entitled to recover attorney's fees, or to an award of treble damages, there is no basis for the Court to address the nature of the appropriate relief at this stage of the proceeding. The Plaintiff has pled his claim with sufficient factual specificity to show that, if his allegations are true, he may be entitled to some form of relief.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Dismiss Portions of Counts II, IV, and V Seeking Attorney Fees and Treble Damages Pursuant to Rule 12[(b)](6) [ECF No. 7].

SO ORDERED on October 28, 2015.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION